**WESTERN STATES PETROLEUM ASSOCIATION, Petitioner,**

**California Costal Commission, Intervenor,**

v.

**Wayne NASTRI, Reg. Administrator; Michael O. Leavitt, Respondents.**

**No. 04–75605.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2006.[*]

Filed March 1, 2006.

Ward L. Benshoof, Esq., Jocelyn Thompson, Esq., Weston Benshoof Rochefort Rubalcava & MacCuish, Los Angeles, CA, for Petitioner.

Jamee Jordan Patterson, Esq., AGCA—Office of the California Attorney General, San Diego, CA, for Intervenor.

David S. Gualtieri, DOJ—U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondents.

Before: KOZINSKI, TROTT, and BEA, Circuit Judges.

MEMORANDUM [**]

To determine whether Western States Petroleum Association's ("WSPA") petition is ripe for review, we evaluate "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Natural Res. Def. Council v. Abraham,* 388 F.3d 701, 705 (9th Cir.2004) (quoting *Nat'l Park*

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Hospitality Ass'n v. Dep't of the Interior,* 538 U.S. 803, 808, 123 S.Ct. 2026, 155 L.Ed.2d 1017 (2003)) (internal quotation marks omitted).

Here, the discharge limitations of which WSPA complains have yet to be imposed. These limitations are contingent on the outcome of the reasonable potential study and further action by EPA. *See* Notice of Final Permit Issuance, 69 Fed. Reg. 56, 761, 56,762 (Sept. 22, 2004). As of yet, EPA's decision has not been "formalized," nor have its "effects [been] felt in a concrete way." *Abbott Labs. v. Gardner,* 387 U.S. 136, 148, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967). If, as a result of the reasonable potential study, the discharge limitations are not imposed, the case would be "moot and judicial review completely unnecessary." *Sierra Club v. United States Nuclear Regulatory Comm'n,* 825 F.2d 1356, 1362 (9th Cir.1987).

The testing requirement itself does not harm WSPA, because earlier versions of the permit also required reasonable potential study. The permit, therefore, does not "require[ ] an immediate and significant change in the [petitioner's] conduct of [its] affairs with serious penalties attached to noncompliance." *Abbott Labs.,* 387 U.S. at 153, 87 S.Ct. 1507.

**DISMISSED.**